AO 106 (Rev. 04/10) Application for a Search Warrant           AUTHORIZED AND APPROVED/DATE: s/ Nick Coffey 5/10/23

# UNITED STATES DISTRICT COURT
## for the
### Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
A blue iPhone, with a cracked screen, inside a black phone case, with a cartoon depiction on back, with unknown serial number, located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134 )

Case No. M-24-424-STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the     Western    District of    Oklahoma   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841 | Distribution of a Controlled Substance |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

John Krawczyk, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **May 10, 2024**

*Judge's signature*

City and state: Oklahoma City, Oklahoma

Shon T. Erwin, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the matter of the search of a blue iPhone with a cracked screen, inside a black phone case, with a cartoon depiction on back, used by Jorge Raul Vega Garcia | Case No. M-24-424-STE |

### AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

I, John Krawczyk, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been a Special Agent with the FBI since April 2023. I am currently assigned to the Oklahoma City Division, where I am assigned to the Criminal Enterprise Squad, which is responsible for investigating street gang and drug related offenses. Since becoming a Special Agent, I have been involved in a variety of investigative matters, including investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to joining the FBI, I was a Police Officer in Philadelphia, Pennsylvania, from February 2010 to December 2022. In that capacity, I investigated a variety of crimes, including drug crimes, robberies, burglaries, assaults, and various other criminal activities. As part of my drug-related investigations, I have participated in the execution of numerous search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs,

1

and spoken with informants, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

2. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for a cellphone belonging to Jorge Raul Vega Garcia (**VEGA**) specifically a dark blue iPhone with a cracked screen and inside a black phone case with a cartoon depiction on back (the **SUBJECT DEVICE**), which is in the possession of the Federal Bureau of Investigation – Oklahoma City Field Office in the Western District of Oklahoma, as further described in **Attachment A**, for evidence of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance), as described further in **Attachment B**, (description of items to be searched).

3. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## PROBABLE CAUSE

4. On April 1, 2024, the Federal Bureau of Investigation executed a search warrant at 21845 Lilly Drive, Tecumseh—a property located in Pottawatomie County,

Oklahoma and therefore the Western District of Oklahoma (and hereafter referred to as the "Tecumseh Property"). Law enforcement had previously identified the Tecumseh Property as a possible methamphetamine conversion lab.

5. Upon executing the search warrant, law enforcement found that the Tecumseh Property indeed contained a meth conversion lab. It did not appear anyone was living at the Tecumseh Property, as there was no electricity, running water, or furniture. More importantly, law enforcement recovered more than one hundred pounds of substances (both in crystal and liquid form) that field tested positive for methamphetamine.[1] The majority of the crystal substance was in forty-two separate, gallon-sized Ziplock baggies, which I know from training and experience are typically one kilogram in weight and are packaged in this way for distribution. Some of the crystal substance recovered, however, was loose and in plastic totes, indicating it was recently converted from liquid meth and had not yet been packaged. In addition to the crystal substance, law enforcement recovered multiple gallons of a liquid substance which also field tested positive for methamphetamine. I know based on my training and experience with this particular investigation that methamphetamine is often transported in liquid form, and ultimately converted at a clandestine laboratory into crystal form for further distribution—which is what appeared to be taking place at the subject property.

---

[1] Not all the substances were field tested, but multiple tests were conducted from both the liquid and crystal substances found at the Tecumseh Property.

3

6. Further, law enforcement found all the makings of a clandestine laboratory, i.e. empty Acetone cans, large pots, propane tanks and burners, hoses and pumps for liquid transfer, etc. Law enforcement also located a black pull-behind trailer. This was significant because, as part of the investigation into the drug trafficking organization (DTO) that was using the Tecumseh Property as a meth lab, law enforcement had identified this trailer as the one used to transport liquid methamphetamine.

7. During the investigation, law enforcement identified several individuals that were serving as lab workers for the DTO.

8. On or about February 17, 2024, shortly after the arrest of a previous set of lab workers, **VEGA** arrived to Oklahoma City and moved into an apartment at 1402 SW 59th Street, Oklahoma City, Oklahoma—an apartment previously occupied by one of the DTO's distributors, Adrian Perez (Perez).[2] Given this association, law enforcement suspected **VEGA** was here to work for the DTO and as such were monitoring the Tecumseh Property closely, via surveillance camera, in the weeks that followed.

9. In fact, law enforcement had been surveilling this property since at least January 2024. Law enforcement is unaware of any persons visiting the Tecumseh Property after the arrest of the previous lab workers in early 2024—eexcept for **VEGA** and another individual working with **VEGA,** Adan Garcia Miranda (MIRANDA). In fact, **VEGA** and MIRANDA showed up to the Tecumseh Property together for the first time on March 14,

---

[2]   Perez was indicted by a Grand Jury in March 2024 for his role in the above described DTO's criminal activities.

4

2024. They arrived the evening of March 14, 2024, and stayed all night before returning to the 59th St. apartment in Oklahoma City in the early morning hours of March 15, 2024, at approximately 7:00 a.m. Again, prior to this initial trip, law enforcement had not surveilled anyone else visiting the Tecumseh Property during the previous two months. **VEGA** continued to access the property regularly between March 14, 2024, and March 28, 2024, sometimes staying for long periods of time. The last time **VEGA** accessed the Tecumseh Property was on March 28, 2024, when he and MIRANDA traveled from Dallas, Texas to the Tecumseh Property, where they spent approximately two hours, before returning to Dallas, Texas, together.

10. Based on the aforementioned facts, **VEGA** was arrested on probable cause in the area of 128 SW 29th St., Oklahoma City, Oklahoma on April 1, 2024, and indicted for drug conspiracy on May 7, 2024, by the Grand Jury sitting in the Western District of Oklahoma. At the time of his arrest, VEGA was in possession of the **SUBJECT DEVICE**, which was seized by law enforcement as evidence.

11. Based on my training and experience, I know that cellular phones such as the **SUBJECT DEVICE** have capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. Such cell phones and their associated memory cards commonly contain electronically stored information, including but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos. In my training and experience, examining data stored on devices of this type can uncover, among other things, data and information which

constitutes evidence, fruits, and instrumentalities of drug trafficking offenses and evidence that reveals or suggests who possessed or used the device.

12. Furthermore, based on my training and experience, I know that it is very common for interstate drug couriers and distributors to use their phones for several reasons in the course of their criminal conduct. I am aware that individuals involved in trafficking illegal narcotics often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics, including sending or receiving drop off locations for the drugs and discussing or negotiating the money involved in the drug deals and what to do with the proceeds from the drug transaction. Similarly, I know drug couriers or distributors often share pictures with their cellular phones of the illegal products and money being transported and laundered.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

13. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a) (Possession with Intent to Distribute a Controlled Substance) and 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT DEVICE**. Therefore, I respectfully request that this Court issue a search and seizure warrant authorizing the seizure of the items described in **Attachment B**, for **SUBJECT DEVICE**, which is described in **Attachment A**.

**FUTHER THE AFFIANT SAYETH NOT.**

_____
JOHN KRAWCZYK
Special Agent
Federal Bureau of Investigation (FBI)

Subscribed and sworn to me telephonically this 10th day of May, 2024.

_____
SHON T. ERWIN
United States Magistrate Judge

# ATTACHMENT A

The **SUBJECT DEVICE** is a blue iPhone with a cracked screen, inside a black phone case, with a cartoon depiction on back currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma.

Photos of the **SUBJECT DEVICE** are below:

 

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and

agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846:

1. All records on the **SUBJECT DEVICE** described in **Attachment A** that relate to violations of 21 U.S.C. § § 841(a)(1) including:

    a. Lists of customers and related identifying information;

    b. Lists of co-conspirators and related identifying information;

    c. Records of communications with customers or co-conspirators, whether such communication be a telephone call, text message (e.g. SMS or MMS), instant message, or communication through an application store on the phone;

    d. Records detailing the types, amounts, prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

    e. Any information related to the sources of drugs, including names, addresses, phone number, or any other identifying information;

    f. Any audio recordings, pictures, video recordings, or still-captured images on the Subject Phone related to the purchase, sale, transportation, or distribution of controlled substances or the collection, transfer or laundering of drug proceeds;

    g. All bank records, checks, credit card bills, account information, and other

      financial records; and

   h. Any location data related to the acquisition of distribution of controlled substances.

2. With respect to the **SUBJECT DEVICE** used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

   a. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

   b. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the attachment of other devices;

   d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

   e. evidence of the times the device was used;

   f. passwords, encryption keys, and other access devices that may be necessary to access the device;

g. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

h. records of or information about Internet Protocol addresses used by the device;

i. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.